**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAMON PONCE,<br><br>Plaintiff,<br><br>vs.<br><br>TUCSON FEDERAL CREDIT UNION, and<br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 1:19-cv-02908<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

NOW COMES the defendant, Tucson Federal Credit Union ("Tucson Federal"), through this special limited appearance to contest jurisdiction and not to submit to jurisdiction by its attorneys, Gordon Rees Scully Mansukhani, LLP, and for its memorandum of law in support of the motion to dismiss Plaintiff's complaint in its entirety for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P.

## I. Introduction

On April 30, 2019, Plaintiff Ramon Ponce ("Ponce") filed a civil complaint in the United States District Court for the Northern District of Illinois against Tucson Federal alleging violations of the Fair Credit Reporting Act, requesting actual damages, statutory damages for each alleged violation, punitive damages, and attorneys' fees and costs. (ECF No. 1 at 14-15.)

## II. Summary of Arguments

This motion is filed by Tucson Federal who is making this special, limited appearance to contest the jurisdiction of this Court and not for any other purpose. Tucson Federal is only located in Pima County, Arizona, is not located in nor is it authorized to do business in Illinois, and does not target business in the State of Illinois. As discussed below, Ponce's Complaint fails for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P.

Ponce is unable to satisfy the Due Process Clause's mandate that "the assertion of personal jurisdiction . . . comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudezewicz*, 471 U.S. 462, 474-76 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-20 (1945). This Court does not have general jurisdiction or specific jurisdiction over Tucson Federal based on its lack of contacts with the purported forum state. Because the Court's exercise of personal jurisdiction over Tucson Federal would offend traditional notions of fair play and substantial justice, Tucson Federal is not subject to personal jurisdiction in Illinois for this case. Tucson Federal therefore requests this Court dismiss the Complaint against it for lack of personal jurisdiction.

## III.    Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(2), Fed. R. Civ. P. should be granted if the court lacks jurisdiction over the defendant and defendant has the unqualified right to have an order entered granting its motion to dismiss. In ruling on a motion to dismiss, the court must draw all reasonable inferences in favor of the non-moving party. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

## IV.    This Court Lacks Jurisdiction Over Tucson Federal

A court may assert general jurisdiction over a foreign corporation to hear any and all claims against it when its affiliations with the state are so continuous and systematic so as to render it essentially "at home" in the forum state. *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012). The constitutional requirement for general jurisdiction is "'considerably more stringent'" than that required for specific jurisdiction because a defendant may be called into that court to answer for any wrong, committed in any place. *Id.* It is generally accepted that the corporation is subject to general jurisdiction in its place of incorporation and the location of its principal place of business. *Id.* Otherwise, courts often look for continuous and systematic general business contacts and analyze "whether the business was 'sufficiently substantial and of such a nature' as to permit the exercise of personal jurisdiction." *Id.*

Here, Tucson Federal is a federal credit union located in Pima County, Arizona. (Decl. of Robert Maturo attached as Exhibit A at ¶ 7.) It neither owns property in Illinois nor operates in Illinois. (Exhibit A at ¶ 5.) Tucson Federal does not have any employees in Illinois or any offices in Illinois. (Exhibit A at ¶ 6.) Tucson Federal does not have any advertisements that target the State of Illinois. (Exhibit A at ¶ 9.) Additionally, Tucson Federal requires its members to live, work, worship, volunteer, or attend school in Pima County, Arizona, or be immediate family or a household member of someone who satisfies one of the aforementioned criteria. (Exhibit A at ¶ 10.) Although people may locate Tucson Federal on the internet, potential members still must meet the membership requirements to become a member of Tucson Federal. (Exhibit A at ¶ 10.) Tucson Federal does not have significant contacts in Illinois. Accordingly, this Court does not have general jurisdiction over Tucson Federal.

Similarly, this Court does not have specific jurisdiction over Tucson Federal. Specific jurisdiction exists when the lawsuit arises from defendant's contacts with the forum state. *RAR, Inc. v. Turner Disel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Specific personal jurisdiction requires that the lawsuit arise out of or be related to minimum contacts with the forum state. *Id.* Specific jurisdiction is not appropriate merely because a plaintiff's cause of action arose out of the general relationship between the parties and rather, the action must arise directly out of the specific contacts between Tucson Federal and the forum state. *Id.* at 1278 (citing *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995).

Here, the Complaint fails to identify any specific action by Tucson Federal within Illinois. Ponce fails to allege how Tucson Federal has purposefully availed itself of the privilege of acting, transacting business, or otherwise in Illinois. Ponce only makes the conclusory allegations that "Defendants conduct business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois" is not sufficient. (ECF No. 1 at ¶ 3.) Rather, Tucson Federal is a federal credit union with locations in the cities of Tucson, Sahuarita, and Marana in Pima County, Arizona, whose membership requirements require that a potential member live, work, or

worship, volunteer, or attend school in Pima County, Arizona, or be a relative of an existing member of Tucson Federal. (Exhibit A at ¶ 10.) The factual statements in this Motion are based on the Declaration of Robert Maturo of Tucson Federal Credit Union, which is attached as Exhibit A and incorporated by this reference. None of Tucson Federal's representatives entered into Illinois or conducted any business banking matters associated with Ponce's claims. (Exhibit A at ¶ 11.) Tucson Federal does not have any employees in Illinois. (Exhibit A at ¶ 6.) Ponce himself admits that "Tucson Federal is a credit union providing financial services to members in three cities across *Arizona*." (ECF No. 1 at ¶ 5) (emphasis added). Tucson Federal engages in no activities in Illinois from which Ponce's claims purportedly arise, and therefore, it is not subject to specific jurisdiction in this forum. To hold otherwise would violate Tucson Federal's due process rights.

Ponce is not a member of Tucson Federal and does not do business with Tucson Federal in Illinois. (Exhibit A at ¶ 11.) Ponce alleged that his information became merged with another person's information by Equifax. When the dispute occurred, Tucson Federal responded to Equifax electronically and did not enter Illinois. Accordingly, with no specific relationship between Ponce and Tucson Federal in Illinois and without Tucson Federal directing actions into Illinois out of which Ponce's claim arise, this Court does not have specific jurisdiction.

## V.    Conclusion

In conclusion, this Court does not have general or specific jurisdiction over Tucson Federal. Tucson Federal respectfully requests this Court dismiss the Complaint against it for lack of personal jurisdiction.

Respectfully submitted,

GORDON REES SKULLY MANSUKHANI, LLP


By: */s/ Craig A. Jacobson*
Craig. A. Jacobson  (IL#6277707)
**Gordon Rees Scully Mansukhani, LLP**
One North Franklin Street, Suite 800
Chicago, Illinois 60606
Telephone: (312) 980-6784
Fax: (312) 565-6511
Email: craig.jacobson@grsm.com
*Attorney for Defendant,*
*Tucson Federal Credit Union*